**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | **CIVIL ACTION** |
| v. | ) ) | No.  07-1156-MLB |
| BHULABHAI PATEL d/b/a/ SOONER MOTOR INN AND LEGACY BANK, | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | **CIVIL ACTION** |
| v. | ) ) | No.  07-1156-MLB |
| FINN'S ELECTRIC COMPANY, INC. | ) ) | |
| Third-Party Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the third-party defendant's, Finn's Electric Company (Finn's), motion to dismiss the third-party plaintiff's complaint. (Doc. 15). The motion has been fully briefed and is ripe for decision. (Docs. 15, 20, 25). For the reasons herein, Finn's motion to dismiss is granted.

**I. Facts and Procedural History**

On October 19, 2006, a fire occurred at the Sooner Motor Inn. Plaintiff provided an insurance policy to Patel, owner of the Sooner Motor Inn. Plaintiff filed a complaint for interpleader and declaratory judgment. Plaintiff deposited funds into the court which it asserts is the maximum benefit under the insurance policy.

Patel filed an answer in which he responds that there were two fires that occurred at different times on October 19. The first fire allegedly occurred in the kitchen. The second fire allegedly occurred two hours later in a different part of the motel as a result of an electrical problem. Patel asserts that plaintiff is responsible to pay the policy limits twice as a result of two separate fires.

Patel filed a cross claim against Finn's alleging that Finn's was responsible for the damages from the second fire. (Doc. 7). Plaintiff then filed a third-party complaint against Finn's. (Doc. 10). Plaintiff asserts that it is entitled to judgment against Finn's for any damage that Finn's caused if the court ultimately determines that Finn's is liable to Patel for damages from the second fire and if Patel is successful on his cross claim against Finn's.

On October 31, 2007, Finn's filed a motion to dismiss the third-party complaint. On November 20, 2007, Patel filed a stipulation of dismissal of his cross claim against Finn's.

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998).

Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999)(citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

**III. Analysis**

Finn's asserts that plaintiff has not stated an actionable third-party claim in accordance with Fed. R. Civ. P. 14. Plaintiff responds that its claim is proper because it is based on the theory that "if the defendant prevails [on his cross claim against Finn's], plaintiff is entitled to subrogate and assert a claim, in tort, against the third-party defendant." (Doc. 20 at 2). The problem with plaintiff's theory is that Patel has dismissed his claim against Finn's. Therefore, Patel cannot and has not prevailed on his claim against Finn's.

In this instance, plaintiff's claim against Finn's has fallen by the wayside. Holcomb v. Allis-Chalmers Corp., 774 F.2d 398, 400 (10th Cir. 1985); Perry H. Bacon Trust v. Transition Partners, Ltd., No. 03-2310, 2004 WL 385480, *1 (D. Kan. Feb. 27, 2004). Plaintiff's claim against Finn's must be dismissed because it is predicated on Patel's now dismissed cross claim against Finn's.

**IV. Conclusion**

Finn's motion to dismiss plaintiff's third-party complaint is

granted. (Doc. 15).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed five pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  18th  </u> day of December 2007, at Wichita, Kansas.

<u>s/ Monti Belot                    </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE
